FLYNN, Appellant, vs. SHIELDS, imp., Respondent.

*March 23 — April 9, 1901.*

*Judgments: Satisfaction: Promissory notes: Collateral security.*

A brewing company gave its note for $5,000, payable to a bank, without any consideration, and for the accommodation of P., who borrowed $5,000 from such bank and delivered the brewery company's note as collateral security therefor. Said bank gave its note for $1,500, guaranteed by P., its president, to the M. N. Bank, transferring the brewery company's note as collateral. *Held,* that the M. N. Bank had the right to bring one action against the maker and guarantor of the note given it and another upon the collateral note, and that judgment in its favor in the latter action was not satisfied by collection of the judgment in the former out of the guarantor's property, so long as his debt to the pledgor bank remained unpaid.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was originally commenced against the Washburn Brewing Company, Shell Lake Savings Bank, and Merchants' National Bank of New York, to clear the title to certain lots, claimed to be owned by plaintiff, from the lien of a judgment held by the last named bank against the brewing company. The defendant *James H. Shields* was afterward made a party upon his own application, and put in answer, the other defendants defaulting. The case was tried upon a stipulation of facts, and findings were made in pursuance therewith. Briefly stated, the facts are as follows: Plaintiff is the owner of the property described in the complaint, deriving his title through an execution sale on a judgment against the Washburn Brewing Company. April 19, 1893, said company executed a promissory note for $5,000, payable to the Shell Lake Savings Bank, without consideration, and for the accommodation of A. C. Probert. The latter took said note to said bank, and borrowed therefrom $5,000 on his own note, and delivered the brewing company's note as collateral security therefor. At that time Probert was president of said bank, but it had no notice that said note was without consideration and for accommodation. No part of the sum borrowed by Probert has been repaid to the bank. Thereafter the bank borrowed $1,500 from the defendant Merchants' National Bank of New York on a note guaranteed by Probert, and deposited the brewing company note as collateral security. The $1,500 note not having been paid, the payee brought suit in Bayfield county and obtained judgment against the maker and guarantor, and collected the same out of property of the guarantor, Probert. At the same time it commenced an action on the brewing company note deposited as collateral, and obtained judgment thereon, which was docketed November 3, 1894, and became a lien upon the property of the

plaintiff, then owned by the brewing company. Plaintiff purchased said property subject to said lien. February 10, 1896, the defendant *Shields* recovered a judgment in Washburn county against the Shell Lake Savings Bank for $2,289.78 damages and costs, which was docketed in Bayfield county March 8, 1898. No part of said judgment has been paid, except the sum of $175 paid April 3, 1896. March 4, 1898, *Shields* commenced an action in Bayfield county, in which the Shell Lake Savings Bank was defendant and the Merchants' National Bank of New York was garnishee. The garnishee appeared and made answer.

The court's conclusions were that the judgment held by the garnishee was a valid and subsisting lien on the real estate mentioned, and that plaintiff had no cause of action. Judgment was directed for costs in favor of *Shields*, from which judgment the plaintiff appeals.

For the appellant there was a brief by *Alvord & Dillon*, and oral argument by *E. C. Alvord*.

For the respondent there was a brief by *Sanborn, Gleason & Sleight*, and oral argument by *A. W. Sanborn*.

BARDEEN, J.   The plaintiff claims: first, that the purpose of this action is to secure a satisfaction of the judgment against the Washburn Brewing Company, so far as his property is concerned, on the ground that it has been paid; and, second, that *Shields* has no standing in this action, for the reason that he has acquired no interest in the judgment by virtue of the garnishee proceedings; that the other parties interested therein are in default, and plaintiff is consequently entitled to the relief demanded.

1. Plaintiff's attempt to have his property relieved from the lien of said judgment on the ground that it has been paid must fail for the reason that that fact has not been proven. The Shell Lake Savings Bank took the brewing company's note as collateral to secure a *bona fide* advance of

$5,000 to Probert. Let it be admitted that the bank knew that this was accommodation paper. If in fact it was executed and delivered for the procurement of credit for Probert, that knowledge did not affect the character of the bank as a *bona fide* holder. 1 Randolph, Comm. Paper, § 15. As regards third parties, the rights and liabilities of an accommodation party are, in general, the same as those of a party receiving valuable consideration for his signature. Id. § 473. Suppose, instead of executing an independent note, it had indorsed Probert's paper; would any one claim that, so long as the debt to the bank remained unpaid, it could defend on the ground that its indorsement was merely for accommodation? Probert, of course, would never be permitted to enforce the liability, but, when it came to the possession of one who had made a *bona fide* advance relying upon the collateral, we do not very well see how such a defense is available, so long as the debt is unpaid. That Probert's debt to the bank has not been paid in full admits of no question or doubt. The fact is distinctly stipulated, and so found by the court. What might be the rights of plaintiff to insist that credit should be given on the judgment for the amount collected from Probert's property to pay the Shell Lake Savings Bank's debt to the judgment creditor, we need not inquire. The plaintiff is not here seeking to redeem. He insists that the entire judgment has been paid, when the fact is to the contrary. Plaintiff's argument is that as both judgments of the New York bank were upon the same indebtedness, and that indebtedness having been paid, both judgments must be deemed to be satisfied. In this they lose sight of the fact that one judgment was against the maker and guarantor of the indebtedness, and the other upon collateral deposited as security thereof. The bank had a right to bring both suits, and when its claim had been paid the collaterals it held would revert to the debtor who pledged them. The Shell Lake

Savings Bank was therefore entitled to receive back whatever it had deposited to secure its debt, and the New York bank thereafter held the judgment in question as its trustee, without any beneficial interest therein, more than, perhaps, the right to be reimbursed for its expenses and costs. Counsel further base their argument on the assumed fact that the debt to the New York Bank was for Probert's benefit. No such assumption is justified. The finding is that it was the debt of the Shell Lake Savings Bank, and this is supported by the stipulation of facts. Upon no possible theory of the case can we see how it can be successfully claimed that the judgment has been paid. Unless it has been paid in legal effect, the plaintiff has no standing in court.

2. The conclusion above stated renders it unnecessary to consider what interest, if any, *Shields* may have secured in the judgment by his garnishee proceedings. His rights thereunder are not the subject of this contest. He was made a party defendant, and no question is raised regarding the propriety or legality of that order. He put the plaintiff to proof of his case, and, failing in that regard, judgment of dismissal was proper.

*By the Court.*— The judgment is affirmed.